IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. WINSCHELL and WALTER WINSCHELL, her husband, <br><br> Plaintiffs, <br><br> v. <br><br> ENCOMPASS HOME AND AUTO INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 17-522 <br><br> **District Judge Nora Barry Fischer** <br> **Magistrate Judge Lisa Pupo Lenihan** <br> **ECF No. 16** |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Encompass Home and Auto Insurance Company (ECF No. 16) be denied.

## II. REPORT

### A. Relevant Facts

This insurance coverage case was brought by Plaintiffs Linda L. Winschell and her husband Walter Winschell against defendant Encompass Home and Auto Insurance Company ("Encompass"). Plaintiffs initially filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on March 20, 2017. Encompass timely removed the case to this court on April 21, 2017, based upon diversity of the parties. ECF No. 1. Plaintiffs filed an Amended Complaint on June 8, 2017, alleging breach of contract and bad faith in violation of the Pennsylvania Bad Faith statute, 42 Pa. Cons. Stat. § 8371. ECF No. 13. Encompass moves to dismiss both claims of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 16.

The underlying incident involved a January 10, 2013 automobile accident in which Mrs. Winschell was lawfully operating her vehicle when she was hit by a vehicle driven by Todd Andrews, who had failed to stop for a stop sign. Am. Compl. ¶¶ 3-5. She alleges that she suffered injuries to include neck pain and strain, back pain and strain, and left leg and hip pain. *Id.* ¶ 7.

Mr. Andrews had an automobile insurance policy through Meridian Security Insurance with insufficient liability limits to adequately compensate Ms. Winschell for her injuries and damages and hence was "underinsured." *Id.* ¶¶ 15, 18. Plaintiffs resolved their claim against Meridian Security Insurance in the Spring of 2016. *Id.* ¶ 16. Plaintiffs had an automobile insurance policy through Encompass, which provided for Underinsured Motorist Coverage. *Id.* ¶ 10-12.

On February 27, 2013, Plaintiffs' counsel first notified Encompass that Plaintiffs' were making an underinsured motorist claim under the policy. *Id.* ¶ 13. On March 4, 2015, Plaintiffs' counsel issued a formal written demand to Encompass seeking the policy limits. *Id.* ¶ 14. The demand included a narrative report stating the nature and severity of Ms. Winschell's injuries from Brian McDonough, D.C. *Id.* In the Fall of 2015, Encompass offered to settle the claim for $4,335, which was rejected by Plaintiffs. *Id.* ¶ 20.

In January 2016, Plaintiffs' counsel made a demand on Encompass for its "best and final offer." *Id.* ¶ 21. Encompass responded with an offer to settle in the amount of $5,000, which was rejected by Plaintiffs. *Id.* ¶ 22. Encompass increased the offer to $5,100, which was also rejected. *Id.* ¶ 23. In the Fall of 2016, Encompass significantly increased its settlement offer to $12,500, with a requirement that Plaintiffs execute a full and final release of all claims, including

a bad faith claim. *Id.* ¶ 24.

### B. Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a 'plausible' claim for relief, and '[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

### C. Analysis

#### 1. Bad Faith Claim

Defendant contends that Plaintiffs may not maintain a claim of bad faith under Pennsylvania law because they have failed to plead sufficient facts to support the claim. Def. Brief Supp. Mot. Dismiss at 6-12 (ECF No. 17).

An insurance bad faith action is governed by 42 Pa. Cons. Stat. § 8371, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371. The statute does not define "bad faith," or "set forth the manner in which an insured must prove bad faith." *Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 92 (Pa. Super. Ct. Dec. 16, 2015), *reargument denied* (Feb. 25, 2016), *petition for allowance of app. granted*, 144 A.3d 926 (Pa. Aug. 30, 2016) (Mem.). "To prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Condio v Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (*citing Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994); *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)). The Pennsylvania Superior Court has defined bad faith in the insurance context as meaning:

> '[a]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (for example, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.'

*Terletsky*, 649 A.2d at 688 (*quoting* Black's Law Dictionary 139 (6th ed. 1990)). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." Condio, 899 A.2d at 1143(*citing Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)).

Clear averments of fact should support a claim for bad faith, and conclusory "catch-all averments" are insufficient to overcome a motion to dismiss. Plaintiffs do not, however, raise only conclusory allegations lacking specific factual support. To the contrary, they provide a sufficient factual basis to support Plaintiffs' allegation of statutory bad faith.

Mrs. Winschell sustained injuries to her neck, back, left leg, and left hip after being struck by an underinsured motorist. She had underinsured motorist coverage under her Encompass insurance policy, and promptly notified Encompass that she was making an underinsured motorist claim in February 2013. She settled with the underinsured motorists' insurance company.

She made a formal demand to Encompass for the policy limits in March 2015, and provided Encompass with a narrative medical statement of her injuries and their expected duration from her chiropractor. Approximately six months later Encompass offered to settle the claim for $4,335. Plaintiffs rejected the offer alleging it was a "low-ball" offer. Approximately four months passed, after which Plaintiffs' counsel demanded that Encompass make a "best and final offer." Encompass responded by increasing its first offer to $5,000. After Plaintiffs rejected this offer, Encompass increased the offer an additional $100, which unsurprisingly was also rejected. It was not until the Fall of 2016 that Encompass significantly increased its settlement offer to $12,500. The offer, however, included a requirement that Plaintiffs execute a full and

final release of all claims, including a future claim for bad faith. *See Hayes v. Harleysville Mut. Ins. Co.*, 841 A.2d 121, 128 (Pa. Super. 2003) (insurance carrier that attempts to coerce an insurer to release bad faith claim before paying settlement offer may constitute bad faith).

      In its argument seeking dismissal of the bad faith claim Encompass does include all relevant factual allegations. Encompass does not mention the specific dollar amounts offered to settle the claim, or the timing of the offers. Thus, Encompass does not consider that Plaintiffs bad faith claim is supported by allegations that Encompass made an initial low offer, and then offered minor increases to the offer twice, followed by a dramatic increase several months later with the caveat that any bad faith claim also be included. Finally, Encompass does not mention that it received a narrative statement documenting Mrs. Winschell's injuries, a document that presumably would provide Encompass a basis upon which to value the claim, and that Plaintiffs cite to as evidence that it timely informed Encompass of the nature and severity of the injuries. Encompass's argument relies only on allegations of the elements of a bad faith claim, such as alleging that Encompass failed to objectively and fairly evaluate the claim in a timely manner. *See* Def. Br. Supp. Mot. Dismiss at 11 (arguing that Plaintiffs alleged an insurance contract, injuries from an accident with an underinsured motorist, a claim for policy limits and that Encompass has not paid). The pleadings in this case are thus distinguishable from *Eley v. State Farm Ins. Co.*, No. 10-CV-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011) and *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010), relied upon by Encompass in which plaintiffs made threadbare recitals of the elements and failed to provide any supportive factual averments. Def. Brief Supp. Mot. Dismiss at 7-9. Plaintiffs have plead sufficient factual allegations to support a bad faith claim.

## 2. Breach of Contract Claim

Encompass seeks dismissal of Plaintiffs' breach of contract claim arguing that Plaintiffs have failed to plead facts demonstrating a breach of contract based merely on Encompass's failure to pay under the policy. Alternatively, to the extent that Plaintiffs' breach of contract claim is on a different basis, Encompass argues that Plaintiffs have failed to identify what term of the insurance policy Encompass breached. The Court disagrees.

Plaintiffs allege that, after being put on notice of the uninsured motorist claim and being provided with medical releases and medical documentation, Encompass breached the policy by failing to reasonably investigate, evaluate, and negotiate the claim in a timely manner in good faith in violation of Encompass's duties under the contract, and specifically the obligation provided for by the policy's underinsured motorists coverage. Because the bad faith claim survives the motion to dismiss, Plaintiffs have, at a minimum, alleged a common law breach of contract claim for Encompass's breach of its fiduciary obligations. "Under Pennsylvania law, bad faith by an insurance company can give rise to two separate causes of action: a breach of contract action for violation of an insurance contract's implied duty of good faith, and a statutory action under the terms of Pennsylvania's bad faith statute, 42 Pa. Cons.Stat. § 8371." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 496–97 (3d Cir. 2015); s*ee also id.* at 497 ("if an insurer breaches the contractual duty of good faith, the insured is entitled to recover 'the known and/or foreseeable compensatory damages of its insured that reasonably flow from the bad faith conduct of the insurer'") (*quoting Birth Ctr. v. St. Paul Cos.*, 567 Pa. 386, 787 A.2d 376, 379 (2001) and *citing Cowden v. Aetna Cas. & Sur. Co.*, 389 Pa. 459, 134 A.2d 223, 227 (1957)).

### III. CONCLUSION

For the foregoing reasons it is respectfully recommended that the Motion to Dismiss filed by Encompass (ECF No. 16) be denied.

In accordance with the Magistrate Judges act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: September 29, 2017

BY THE COURT

LISA PUPO LENIHAN
United States Magistrate Judge